UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JERAMIAH BROWN,

                           Plaintiff,

v.                                                              5:22-CV-0761
                                                                       (BKS/ML)
FAT DOUGH INCORP., doing business
as Dominos Pizza,

                           Defendant.
_____

APPEARANCES:                                                    OF COUNSEL:

JERAMIAH BROWN
  Plaintiff, *Pro Se*
22106 Lane Road
Watertown, New York 13601

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent this *pro se* complaint (Dkt. No. 1) together with (1) an application to proceed *in forma pauperis* (Dkt. No. 2), and (2) a motion to appoint counsel (Dkt. No. 3), filed by Jeramiah Brown ("Plaintiff") to the Court for review. For the reasons discussed below, I (1) grant Plaintiff's *in forma pauperis* application (Dkt. No. 2), (2) deny his motion for appointment of counsel (Dkt. No. 3), and (3) recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety with leave to amend.

I.     **BACKGROUND**

Construed as liberally[1] as possible, Plaintiff's Complaint—which was completed on a form complaint alleging violations of the Americans with Disabilities Act ("ADA")—alleges that his civil rights were violated by Fat Dough Incorp., doing business as Dominos Pizza. (*See generally* Dkt. No. 1.)[2] Plaintiff alleges that he is disabled due to thrombocytopenia-absent radius syndrome, irritable bowel syndrome, traumatic brain injury, and chronic illness. (Dkt. No. 1 at 2.)

Plaintiff alleges that while employed by Defendant, another employee—named Eathan—threw "mushroom water" at Plaintiff, while Plaintiff washed the dishes. (*Id*. at 3.) Plaintiff alleges that an unnamed other employee stated that Plaintiff would allow other employees to treat him poorly because Plaintiff is disabled. (*Id*.)

Plaintiff alleges that at some unspecified time, he sought to resign from Defendant by providing two-weeks notice, but that his resignation was not properly documented, which resulted in his employment review being affected. (*Id*.) In addition, Plaintiff alleges that the general manager, Bryan, informed Plaintiff not to come back to Dominos to work after Plaintiff put in his resignation. (*Id*.)

Plaintiff alleges that at some unspecified time, his car was broken into by another employee who drew a smiley face in pizza grease on the car. (*Id*.) Plaintiff alleges that he filed a police report with the military police on Fort Drum Army base as a result of the incident with his vehicle. (*Id*.)

---

[1]     The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2]     Plaintiff's Complaint also contained an attachment that included several exhibits. (*See generally* Dkt. No. 1, Attach. 1.) Among those exhibits was, *inter alia*, what appears to be

Based on these factual allegations, Plaintiff appears to assert the following three claims against Defendant: (1) a claim of termination of employment pursuant to the ADA, (2) a claim of failure to make accommodations pursuant to the ADA, and (3) a claim of retaliation pursuant to the ADA. (Dkt. No. 1 at 3.)

Plaintiff also filed an application for leave to proceed *in forma pauperis*. (Dkt. No. 2.)

## II.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.[3] 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[4]

Plaintiff is advised that the ability to litigate an action without prepayment of fees is a privilege that can be denied, revoked, or limited based upon a showing of prior abuses. *See In re Anderson*, 511 U.S. 364, 365-66 (1994) (denying the *pro se* petitioner's request for leave to

---

Plaintiff's notes from the investigation before the U.S. Equal Employment Opportunity Commission. (*See generally* Dkt. No. 1, Attach. 1 at 10-16.) Construing the Complaint liberally, as the Court must, the additional details contained in the attachment were considered.

[3]     The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[4]     Plaintiff is reminded that, although the application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

proceed IFP where the Court found that, like the previous twenty-two petitions filed during the three immediately preceding years, the instant petition was "patently frivolous"); *see also Cuoco v. United States Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) ("The ability to proceed IFP is a privilege provided for the benefit of indigent persons."). The authority of a court to deny or limit a request to proceed IFP is implicit in the permissive, rather than compulsory, language of the controlling statute, which provides that "any court of the United States *may* authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor[.]" 28 U.S.C. § 1915(a)(1) (emphasis added); *In re McDonald*, 489 U.S. 180, 183 (1989). For this reason, courts are regarded as possessing discretionary authority to deny IFP status to litigants who have abused the privilege. *See Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 309-310 (D.C. Cir. 2008) (quoting *Butler v. Dep't of Justice*, 492 F.3d 440, 444-45 (D.C. Cir. 2007) ("This Circuit grants IFP status to various plaintiffs, but asserts its discretion to deny or revoke this privilege for abusive litigants, looking to 'the number, content, frequency, and disposition of their previous filings[.]'").

Plaintiff's litigation history in this district suggests that he is on the brink of being found to have abused the privilege of proceeding IFP. Plaintiff has filed five lawsuits against former or potential employers, in approximately three years.[5] In each of the other four actions, Plaintiff requested, and was granted, permission to proceed without prepayment of fees. (*Brown I*, Dkt. No. 6; *Brown II*, Dkt. No. 7; *Brown III*, Dkt. No. 10; *Brown V*, Dkt. No. 6.) In addition, *Brown*

---

[5] *Brown v. Tim Hortons*, No. 5:19-CV-1160 (LEK/ATB) ("*Brown I*"); *Brown v. 7-Eleven Incorp.*, No. 5:20-CV-0553 (TJM/ML) ("*Brown II*"); *Brown v. 7-Eleven Incorp.*, No. 5:20-CV-1339 (TJM/ML) ("*Brown III*"); *Brown v. Fat Dough Incorp.*, No. 5:22-CV-0761 (BKS/ML) ("*Brown IV*"); and *Brown v. UPS United Parcel Service Incorp.*, No. 5:22-CV-0762 (BKS/TWD) ("*Brown V*").

*II, Brown III,* and *Brown V*, were dismissed following the Court's review of the factual allegations in the complaints in accordance with 28 U.S.C. § 1915(e).[6] (*Brown II*, Dkt. No. 9; *Brown III*, Dkt. No. 15; *Brown V*, Dkt. No. 8.)

Common to the other dismissed actions filed by Plaintiff in this district (including, as will be discussed below, the current Complaint under consideration in this report) is his failure to include factual allegations in his complaints that demonstrate entitlement to relief, and the vagueness concerning the claims that he purports to assert. Accordingly, Plaintiff is hereby cautioned that (1) proceeding IFP is a privilege that is extended to litigants at the discretion of the court, and (2) any further filing of patently frivolous lawsuits may result in the denial of any request to proceed IFP in an action and/or a recommendation to the Chief District Judge that a filing injunction be issued against Plaintiff, barring him from filing any future lawsuits in this district without prior permission.[7]

## III.    LEGAL STANDARD FOR INITIAL REVIEW OF THE COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In addition, the Court shall dismiss any action where the Complaint fails to allege facts plausibly suggesting subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Steel Co. v.*

---

[6] However, the Court notes that Plaintiff filed an amended complaint in *Brown V*, which is currently pending before the Court for a review. (*Brown V*, Dkt. Nos. 9, 11.)

[7] The Court notes that United States Magistrate Judge Dancks recommended that "the Court consider imposing a bar Order under 28 U.S.C. § 1651(a)." (*Brown V*, Dkt. No. 11 at 17-18.)

*Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (holding that subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits."); *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205-06 (2d Cir. 2019) (citing *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014)) ("[b]efore deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter."); *Koziel v. City of Yonkers*, 352 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming *sua sponte* dismissal of complaint on initial review for lack of subject matter); *Talley v. LoanCare Serv., Div. of FNF*, 15-CV-5017, 2018 WL 4185705, at *5 (E.D.N.Y. Aug. 31, 2018) (dismissing on initial review, action challenging state court mortgage foreclosure judgment because the court lacked jurisdiction); *Eckert v. Schroeder, Joseph & Assoc.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005) (citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988)) ("[a] court shall, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction.").

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

6

shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*,

490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## IV.   ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

### A.   Discriminatory Discharge

The ADA prohibits covered employers from discriminating against "a qualified individual on the basis of disability in regard to," among other things, "the hiring . . . or discharge of employees." 42 U.S.C. § 12112(a); *see generally* 42 U.S.C. §§ 12111(2), (5) (defining "Covered entity" and "Employer"). To establish a *prima facie* case of discriminatory discharge under the ADA, a claimant must show: "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." *Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020); *Reeves v. Johnson Controls World Servs., Inc.*, 140 F.3d 144, 149-50 (2d Cir. 1998).

I conclude that Plaintiff failed to adequately plead the fourth element of his claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff fails to allege that he was discharged. Instead, Plaintiff alleges that, at some unknown time, he tendered his resignation, which included a two-week

notice but that Bryan—an employee manager of Defendant—told Plaintiff that his resignation was effective immediately. (Dkt. No. 1.) An employer is not required to permit an employee to work beyond the employee's resignation. *See Guglielmo v. Marchon Eyewear, Inc.*, 02-CV-5434, 2006 WL 398617, at *12 (E.D.N.Y. Feb. 16, 2006) (holding that where the plaintiff "tendered her resignation to [the d]efendant on . . . August 24, 2001 and, though she indicated therein that . . . August 31 would be her last day, under the circumstances of this case, she was not entitled by law to work a day beyond August 24, 2001."); *Wynn v. Paragon Sys.*, 301 F. Supp. 2d 1343, 1354 (S.D. Ga. 2004) ("The customary two weeks notice period is a traditional courtesy the employee extends to the employer. Here [defendant] informed [plaintiff] that it did not need [her] to serve out this two week period."); *Leyva v. Computer Scis Corp.*, 04-CV-0002, 2005 WL 196557, at *5 (D. Del. Jan. 25, 2005) (citing *Wynn v. Paragon Sys.*, 301 F. Supp. 2d 1343, 1354 (S.D. Ga. 2004)) ("An employer's decision to accept a resignation immediately, rather than accepting an employee's request that the resignation be effective at a future date, does not constitute an adverse employment action."). Because Plaintiff failed to adequately plead his discriminatory discharge claim, the undersigned recommends that the Court dismiss the claim with leave to amend. 28 U.S.C. § 1915(e)(2)(B)(ii).

  **B.**  **Failure to Accommodate**

  The ADA prohibits covered employers from discriminating against a "qualified individual on the basis of disability" in the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). This extends to an employer's failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." 42 U.S.C. § 12112(b)(5)(A); *see also McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). To make out a *prima*

*facie* case of failure to accommodate under the ADA, a claimant must show: "(1) the plaintiff is a person with a disability for purposes of the ADA; (2) an employer covered by the statute had notice of the plaintiff's disability; (3) with reasonable accommodation, the plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such an accommodation." *Laguerre v. Nat'l Grid USA*, No. 20-3901-CV, 2022 WL 728819, at *1 (2d Cir. Mar. 11, 2022); *Frantti v. New York*, 850 F. App'x 17, 19 (2d Cir. 2021).

Here, Plaintiff failed to adequately plead the third and fourth elements of his claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff made no allegation about the reasonable accommodation (or accommodations) Defendant could have made to permit him to perform the duties of a delivery driver, nor did he advance allegations concerning the existence of an alternative vacant job he was qualified to perform. (*See generally* Dkt. No. 1); *see also McBride*, 583 F.3d at 97 ("The plaintiff bears the burdens of both production and persuasion as to the existence of some accommodation that would allow her to perform the essential functions of her employment, including the existence of a vacant position for which she is qualified."). Moreover, Plaintiff did not allege he specifically requested an accommodation, nor did he allege Defendant refused such a request. (*See generally* Dkt. No. 1); *see, e.g.*, *Frantti*, 850 F. App'x at 20 (dismissing plaintiff's claim where there was "no evidence in the record that [he] requested these accommodations from his employer."). Because Plaintiff failed to adequately plead his failure to accommodate claim, the undersigned recommends that the Court dismiss the claim with leave to amend. 28 U.S.C. § 1915(e)(2)(B)(ii).

    **C.**    **Retaliation**

The ADA prohibits covered employers from discriminating "against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because

such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a); *see also Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002). To make out a prima facie case of retaliation under the ADA, a claimant must show: "(1) he engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took adverse employment action against him; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Treglia*, 313 F.3d at 719; *see also Frantti*, 850 F. App'x at 21. "A plaintiff's burden at this prima facie stage is de minimis." *Treglia*, 313 F.3d at 719.

Plaintiff failed to allege facts plausibly suggesting the first and fourth elements of his claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). As discussed above, Plaintiff's Complaint lacks any allegation that he requested an accommodation from Defendant. (*See generally* Dkt. No. 1.) In addition, the Complaint lacks facts plausibly suggesting that Plaintiff complained to Defendant of disability discrimination before Plaintiff was directed not to work after the notice of his resignation. (*See id*).; *see, e.g., Frantti*, 850 F. App'x at 21 (concluding an email plaintiff sent to the defendant did not constitute a protected activity "because [Franti] . . . neither complains of discrimination nor seeks an accommodation."). Absent some allegation that Plaintiff engaged in a protected activity before Defendant's decision that Plaintiff's resignation was effective immediately, there is no reasonable inference of causation—there can be no causal connection if the protected activity, the fundamental precipitating event, never occurred. *See generally Treglia*, 313 F.3d at 720 ("In order to establish the last element of a prima facie case of retaliation, Treglia must show that the allegedly adverse actions occurred in circumstances from which a reasonable jury could infer retaliatory intent."). Plaintiff accordingly failed to adequately plead the causation element of his retaliation claim. Because Plaintiff failed to

adequately plead his retaliation claim, the undersigned recommends that the Court dismiss the claim with leave to amend. 28 U.S.C. § 1915(e)(2)(B)(ii).

## V.     OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[8]

It is not clear whether better pleading would permit Plaintiff to assert a cognizable claim. Out of deference to Plaintiff's *pro se* status, I recommend that Plaintiff be granted leave to amend the Complaint.

---

[8]     *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

If Plaintiff chooses to avail himself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which he relies to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, Plaintiff is informed that any amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

## VI.  PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff has also submitted a request for appointment of counsel. (Dkt. No. 3.) The application indicates that Plaintiff has been unsuccessful in his efforts to obtain counsel on his own from the private sector. (*Id.*)

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly

dubious." *Leftridge*, 640 F.3d at 69.  If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the action.  As such, the Court cannot find that Plaintiff's claims are likely to be of substance.  Plaintiff's motion (Dkt. No. 3) is therefore denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[9]

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[10] Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: October 17, 2022
Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[9] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[10] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).