UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JERAMIAH BROWN,

                                                 Plaintiff,                        5:22-cv-761 (BKS/ML)

v.

FAT DOUGH INCORP., doing business as Dominos
Pizza,

                                                 Defendant.
_____

**Appearances:**

*Plaintiff pro se:*
Jeramiah Brown
Theresa, NY 13691

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

      Plaintiff pro se Jeramiah Brown filed this action alleging that Defendant Fat Dough Incorp., doing business as Dominos Pizza, violated a number of federal laws including the Americans with Disabilities Act (ADA) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Dkt. No. 7). The Amended Complaint was referred to United States Magistrate Judge Miroslav Lovric who, on February 27, 2023, issued a Report-Recommendation recommending that the following claims survive initial review: (1) the Title I ADA discrimination claim; (2) the Title V ADA retaliation claim; (3) the Title VII hostile work environment claim; (4) the Title VII sexual harassment claim; and (5) the Title VII retaliation claim. (Dkt. No. 12, at 24). Magistrate Judge Lovric further recommended that Plaintiff's claims under (1) 42 U.S.C. § 1981, (2) the Rehabilitation Act, (3) the Age Discrimination in Employment Act, (4) the Fair Debt Collection Practices Act, (5) the Equal Pay Act, and (6) the

Genetic Information Nondiscrimination Act be dismissed without prejudice and with leave to replead for failure to state a claim upon which relief may be granted. (*Id.*). Finally, Magistrate Judge Lovric recommended that Plaintiff's claims under (1) Title II of the ADA and (2) the Workforce Investment Act be dismissed without leave to replead pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted. (*Id.*). Plaintiff did not file an objection to the Report-Recommendation.[1]

As no objection to the Report-Recommendation has been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 12) is **ADOPTED**; and it is further

**ORDERED** that the following claims survive the Court's review and require a response: (1) the Title I ADA discrimination claim; (2) the Title V ADA retaliation claim; (3) the Title VII a hostile work environment claim; (4) the Title VII sexual harassment claim, and (5) the Title VII retaliation claim; and it is further

---

[1] On March 13, 2023, Plaintiff filed a Second Amended Complaint. (Dkt. No. 13). On March 14, 2023, Magistrate Judge Lovric entered a Text Order striking the Second Amended Complaint, explaining that "because Plaintiff has already amended his complaint once as a matter of course (Dkt. No. 7), he may only amend again with Defendants['] written consent or leave of the Court. Fed. R. Civ. P. 15(a)." (Dkt. No. 14). Magistrate Judge Lovric further explained that although the Report-Recommendation "recommended that Plaintiff be granted leave to replead certain of his claims (Dkt. No. 12), Chief Judge Sannes has not ruled on that report and recommendation at this time." (Dkt. No. 14). In an abundance of caution the Court reviewed the stricken pleading and confirmed it contained no objections.

**ORDERED** that Plaintiff's claims under (1) 42 U.S.C. § 1981, (2) the Rehabilitation Act, (3) the Age Discrimination in Employment Act, (4) the Fair Debt Collection Practices Act, (5) the Equal Pay Act, and (6) the Genetic Information Nondiscrimination Act are **DISMISSED without prejudice and with leave to replead** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B);[2] and it is further

**ORDERED** that Plaintiff's claims under (1) Title II of the ADA and (2) the Workforce Investment Act are **DISMISSED without leave to replead** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the Amended Complaint, to the United States Marshal for service upon Defendant Fat Dough Incorp., doing business as Dominos Pizza; and it is further

**ORDERED** that Defendant shall file a response, as provided for in the Federal Rules of Civil Procedure, to the Amended Complaint; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket. Plaintiff must comply

---

[2] Should Plaintiff seek to pursue a claim dismissed without prejudice by the Court herein, he must file a second amended complaint. Any second amended complaint, which shall supersede and replace the Amended Complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction. Any second amended complaint filed by Plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; the failure to do so will result in the dismissal of his action; and it is further

    **ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

    **IT IS SO ORDERED.**

Dated: April 4, 2023
       Syracuse, New York

*/s/ Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge